**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CORTNEY DEON WILSON, | § | |
| (SPN #P00199942 ) | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-17-3901 |
| | § | |
| CARY M. FADEN, *et al.,* | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Cortney Deon Wilson, an inmate of the Harris County Jail, sued in December 2017, alleging civil rights violations resulting from a denial of due process. Wilson, proceeding pro se and in forma pauperis, sues Cary M. Faden, defense attorney; Abdul Farukhi, Assistant District Attorney for Fort Bend County; and the Fort Bend County Sheriff's Department.

The threshold issue is whether Wilson's claims should be dismissed as frivolous.

I.     **Wilson's Allegations**

Wilson asserts that Faden has repeatedly ignored his phone calls and letters for over one year. He states that his criminal trial was scheduled for June 2016, but Faden is conspiring with the prosecutor to delay the proceedings. He complains that the Fort Bend County Sheriff's Department is holding him on an illegal parole warrant. He claims that as a result, his bond was forfeited and raised to $300,000.00.

Wilson seeks compensation for his lost job and forfeited bond amount.

O:\RAO\VDG\2017\17-3901.a01.wpd

## II.    Discussion

A federal court has the authority to dismiss an action in which the plaintiff is proceeding in forma pauperis before service if the court determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

### A.    The Claim Based on Ineffective Assistance of Counsel

Wilson's claims for damages for deprivations of constitutional rights must proceed under 42 U.S.C. § 1983. That statute requires Wilson to present facts that, if proven, would show that he has been deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law. *Baker v. McCollan,* 443 U.S. 137 (1979). The conduct of a private person, such as Cary M. Faden, defense counsel, is not state action under 42 U.S.C. § 1983. *See Briscoe v. LaHue,* 460 U.S. 325, 329 (1983). Wilson's claims against Cary M. Faden, defense counsel, for ineffective assistance of counsel cannot support a damages suit under section 1983 because the attorney is not a state actor. *Brooks v. Hughes,* 98 F.3d 868, 873 (5th Cir. 1996) (citing *Polk Cnty. v. Dodson,* 454 U.S. 312, 324-25 (1981)); *Banuelos v. McFarland,* 41 F.3d 232, 234 (5th Cir. 1995) (holding that actions of counsel substitute in prison disciplinary hearing, like actions of public defender and private attorney, are not actions under color of state law for purposes of section 1983); *Mills v. Criminal Dist. Court No. 3,* 837 F.2d 677, 679

(5th Cir. 1988) ("private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983").

Wilson has failed to plead facts showing that he has been deprived of a right secured by the Constitution or laws of the United States and that the deprivation was caused by someone acting under color of state law. Wilson's civil rights claims against Faden are DISMISSED as frivolous.

## B.     The Claim Based on Prosecutorial Misconduct

Wilson seeks damages against Abdul Farukhi, an Assistant District Attorney for Fort Bend County, for conduct in the prosecution of the criminal case. Absolute immunity precludes his claim. Prosecutors have absolute immunity from such damages claims. *Beck v. Tex. State Bd. of Dental Examiners,* 204 F.3d 629, 637 (5th Cir. 2000)(citing *Burns v. Reed,* 500 U.S. 478, 491 (1991)). Prosecutorial immunity applies to a prosecutor's actions in initiating a prosecution and in handling the case through the judicial process. *Id.* Prosecutorial immunity extends to activities "intimately associated with the judicial phase of the criminal process." *Kerr v. Lyford,* 171 F.3d 330, 336 (5th Cir. 1999)(quoting *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976)). The actions Wilson complains of are related to the judicial process and were undertaken in furtherance of the attorney's advocacy function in his representation of the government. Defendant Farukhi is entitled to absolute immunity from Wilson's suit, and the damages claims against him are DISMISSED.

## C.     The Claim Against the Fort Bend County Sheriff's Department

Wilson has named the Fort Bend County Sheriff's Department as a defendant. In Texas, county and police departments are not generally legal entities capable of being sued, absent express authorization from the county. *Darby v. Pasadena Police Dep't,* 939 F.2d 311, 313–14 (5th Cir. 1991). There is no indication that the Fort Bend County Sheriff's Department enjoys a separate legal

existence from Fort Bend County; thus, it is not a proper party. *Potts v. Crosby Ind. Sch. Dist.*, 210

F. App'x 342, 344–45 (5th Cir. 2006).

The claims against the Fort Bend County Sheriff's Department are DISMISSED.

## III.  Conclusion

Wilson's motion to proceed in forma pauperis, (Docket Entry No. 2), is GRANTED.  The

action filed by Cortney Deon Wilson (SPN #P00199942 ) lacks an arguable basis in law.  His claims

are dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

To the extent Wilson seeks habeas relief based on the ineffective assistance of counsel and

prosecutorial misconduct, the Court notes that a writ of habeas corpus is the appropriate federal

remedy for a state prisoner challenging the fact or duration of his confinement.  *See Preiser v.

Rodriguez*, 411 U.S. 475, 489-90 (1973).  Applicants seeking habeas relief under § 2254 are required

to exhaust all claims in state court prior to requesting federal collateral relief.  *See Fisher v. Texas*,

169 F.3d 295, 302 (5th Cir. 1999).  Wilson may challenge the ineffective assistance of counsel in

a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 after exhausting available state

court remedies.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L.

No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas

corpus petitions.

The agency having custody of Wilson will deduct twenty percent of each deposit made to

Wilson's inmate trust account and forward payments to the Court on a regular basis, provided the

account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail

to:

(1)     Inmate Trust Fund, Fort Bend County Jail, 1410 Williams Way Blvd., Richmond, Texas 77469;

(2)     the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on ___March 22___, 2018.


VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE